Curtis J. Busby (SBN 019415)
**BOWMAN AND BROOKE LLP**
Suite 1600, Phoenix Plaza
2901 N Central Ave
Phoenix, AZ 85012
Telephone No.: (602) 643-2300
Fax No.: (602) 248-0947
curtis.busby@bowmanandbrooke.com

Attorneys for Defendant BMW of North America, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Griego and Robert Romero, as Statutory Beneficiaries and Parents of Roberto Griego-Romero (Deceased),<br><br>Plaintiff(s),<br><br>Vs.<br><br>BMW of North America, LLC,<br><br>Defendant(s). | No. 2:22-cv-01281-DJH<br><br>**DEFENDANT BMW OF NORTH AMERICA, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**(JURY DEMAND)** |

Defendant BMW of North America, LLC ("BMW NA"), in answer to plaintiffs' Complaint, admits, denies, and alleges as follows:

1. Answering paragraph 1, BMW NA admits only that plaintiffs' Complaint raises a civil matter. BMW NA denies the allegations in paragraph 1 that it chose or incorporated into the subject vehicle the driver's front airbag system or any of the individual components of that system. BMW NA is without sufficient information to form a belief about the truth of the remaining allegations in paragraph 1 and denies the same.

2. Answering paragraph 2, BMW NA is without sufficient information to form a belief about the truth of the allegations in paragraph 2 and, therefore, denies the same. The remaining allegations contained in paragraph 2 call for legal conclusions to which no response is required. To the extent a response is required, BMW NA is without sufficient information to form a belief about the truth of those allegations and, therefore, denies the same.

3. Answering paragraph 3, BMW NA admits only that it is a Delaware corporation with its principal place of business in Woodcliff Lake, New Jersey, that it is registered to do business in Arizona, and that it is engaged in importing, marketing, distributing and selling at wholesale BMW branded vehicles to authorized dealers throughout the U.S. including the state of Arizona. The remaining allegations in paragraph 3 call for a legal conclusion to which no response is required. To the extent a response is required, BMW NA denies the remaining allegations contained in this paragraph.

4. Answering paragraph 4, BMW NA is without sufficient information to form a belief about the truth of those allegations and denies the same.

5. Answering paragraph 5, BMW NA admits only that plaintiffs' Complaint alleges an amount in controversy over $75,000.00. The remaining allegations in paragraph 5 call for legal conclusions to which no response is required. To the extent a response is required, BMW NA denies all remaining allegations contained in this paragraph.

6. Answering Paragraph 6, BMW NA objects to this paragraph to the extent it does not contain a short and plain statement of the claim showing that the pleader is entitled to relief under the Federal Rules of Civil Procedure ("FRCP") 8(a). BMW NA admits only that it imports, markets, distributes, and sells at wholesale BMW branded vehicles to authorized dealers throughout the U.S., including in the state of Arizona, that new BMW vehicles are sold or leased with a new vehicle limited express warranty and that BMW NA has specific and defined responsibilities related to recalls of BMW vehicles, if any, pursuant to the regulations from the National Highway Traffic Safety Administration (NHTSA) under the Highway Safety Act of 1966. BMW NA is not required to respond to allegations that call for legal conclusions. To the extent a response is required, the allegations are denied. BMW NA denies that it is liable to plaintiffs for any damages. BMW NA further denies that it sold the subject vehicle in the state of Arizona.

7. Answering Paragraph 7, the allegations in this paragraph call for legal conclusions to which no response is required. To the extent a response is required, BMW NA does not contest venue at this time. BMW NA denies that it is liable for plaintiffs' alleged

injuries and damages. BMW NA is without sufficient information to form a belief about the truth of the remaining allegations and denies the same.

## COUNT I
### (Strict Liability)

8. BMW NA restates and incorporates by reference its responses to Paragraphs 1 through 7 of plaintiffs' Complaint as if fully set forth herein.

9. Answering paragraph 9, BMW NA admits only that it imports, markets, distributes and sells at wholesale BMW branded vehicles to authorized dealers throughout the U.S. The remaining allegations contained in paragraph 9 call for legal conclusions to which no response is required. To the extent a response is required, BMW NA denies the remaining allegations contained in this paragraph.

10. Answering paragraph 10, BMW NA denies the allegations in Paragraph 10 of the Complaint.

11. Answering paragraph 11, BMW NA admits only that, on behalf of BMW AG, it voluntarily initiated a recall (later classified by NHTSA as Recall 15V318) for certain BMW Model 3 vehicles, including the subject vehicle, and that this voluntary recall is described in a recall Notice publication that was approved by NHTSA and the content of the Notice speaks for itself. BMW NA denies the remaining allegations in paragraph 11.

12. Answering paragraph 12, BMW NA is without sufficient information to form a belief about the truth of those allegations in paragraph 12 and, therefore, does not admit or deny the same.

13. Answering paragraph 13, BMW NA denies the allegations in paragraph 13 of the Complaint. BMW further denies that it is liable to plaintiffs for any damages.

## AFFIRMATIVE DEFENSES

Defendant BMW NA, for its Affirmative Defenses, states as follows:

1. Plaintiffs' Complaint, in whole or in part, fails to state a claim against it upon which relief can be granted.

2. Plaintiffs' Complaint may be barred by the applicable statute of limitations or

repose.

3. BMW NA affirmatively alleges that the subject vehicle was designed, manufactured, and distributed in accordance with the state-of-the-art and in compliance and in conformance to administrative, industry, regulatory, or statutory codes, standards, specifications, or schemes approved by the United States and/or applicable State law, or agencies thereof, including, but not limited to, applicable Federal Motor Vehicle Safety Standards promulgated by the National Highway Traffic Safety Administration, that applied to the subject vehicle at the time of its manufacture.

4. BMW NA denies the existence of any defects in the design, manufacture, assembly, inspecting, testing, or marketing of the subject vehicle described in the Complaint when it left the possession and control of BMW NA. BMW NA further denies that any condition, component, or function of these products, as originally distributed, was a producing and/or proximate cause of the circumstances giving rise to this lawsuit or the alleged damages and injuries resulting therefrom. BMW NA further denies any negligence in the design, manufacture, assembly, inspection, testing, or marketing of the subject vehicle described in the Complaint or the warnings and instructions related to these products.

5. BMW NA as a distributor, at wholesale, of the subject vehicle, had no involvement with any aspect of the design, manufacture, or testing of the subject vehicle, including the selection of the supplier of the driver's front airbag system or preparation of specifications for that system or any of its component parts. BMW NA also did not have rights to control the incidents of manufacture of the subject vehicle or any of its systems or component parts.

6. Discovery may show that this Court lacks personal jurisdiction over BMW NA and/or that there is a more appropriate venue for this lawsuit.

7. There may be a lack of joinder of one or more indispensable parties who should and must be joined and, without joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action.

8. The damages allegedly sustained by Plaintiffs resulted from conditions, persons,

26665776          4

or events over which BMW NA had no control and were not caused in any manner by any acts or omissions of BMW NA.

9. That the damages allegedly sustained by Plaintiffs were caused or contributed to by the acts, omissions, or fault of Takata, a non-party that BMW NA did not and does not control and a non-party that has already admitted as part of its guilty plea to federal crimes that since approximately 2000 it knew that certain ammonium nitrate-based airbag inflators were not performing to the specifications required by the auto manufacturers including, but not limited to, BMW AG. Takata also admitted that it knew that certain inflators had sustained failures, including ruptures, during testing. Nevertheless, Takata induced its customers, including, but not limited to, BMW AG, to purchase these airbag systems by submitting false and fraudulent reports and other information that concealed the true condition of the inflators. Takata's fraudulent data made the performance of the company's airbag inflators appear better than it actually was, including by omitting that, in some instances, inflators ruptured during testing. Takata employees – including a number of key executives – routinely discussed the falsification of test reports being provided to Takata's customers in email and in verbal communications. Even after the inflators began to experience repeated problems in the field – including ruptures causing injuries and deaths – Takata executives continued to withhold the true and accurate inflator test information and data from their customers. In addition, Takata took no disciplinary actions against those involved in the falsification of test data until 2015, despite the fact that senior executives had been made aware of the fraudulent conduct years earlier. Takata plead guilty to the charge and paid a total of $1 billion in criminal penalties, including $975 million in restitution and a $25 million fine.

10. To the extent that discovery supports the same, BMW NA asserts the defense of spoliation of evidence by Plaintiffs.

11. The proximate cause of the circumstances giving rise to this action may have been an alteration or modification of the BMW NA products described in the Complaint, which was not reasonably foreseeable, was made by a person other than BMW NA, and was made after the time the subject vehicle was distributed by BMW NA.

12. The proximate cause of the incident giving rise to this action may have been a use of the subject vehicle, in a manner, or in an activity other than that which was reasonably foreseeable or was contrary to express and adequate instructions or warnings appearing on, attached to, or delivered with the subject vehicle about which plaintiffs or their decedent knew, or in the exercise of reasonable diligence, should have known.

13. The subject vehicle complied with all relevant state and federal regulations when it left BMW NA's custody and control.

14. Plaintiff's claims may be preempted or barred, in whole or in part, by federal legislation and regulations governing motor vehicles, including the Federal Motor Vehicle Safety Act, the National Highway Traffic Safety Act, and the regulations promulgated by the National Highway Traffic Safety Administration, through the Supremacy Clause of the United States Constitution.

15. The State of Arizona's judicially created definitions of manufacturing and design defect are unconstitutional in that, among other things, they are void for vagueness and an undue burden upon interstate commerce as well as an impermissible effort to regulate in an area that has previously been preempted by the federal government.

16. That any rule of law, under the so-called "crashworthiness" doctrine, which alleviates Plaintiffs' burden of proving an alternative reasonable design, practicable under the circumstances, the injuries, if any, that would have occurred if that alternative design had been used, and the extent of enhanced injuries attributable to the alleged defective design, or which shifts the burden of disproving any of those elements to this Defendant, is unconstitutional and in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and applicable sections of the Constitution of the State of Arizona, and furthermore, violates public policy.

17. Plaintiffs' claims, in whole or in part, are expressly and/or impliedly preempted, in whole or in part, by federal and/or state statutes and regulations.

18. There is no causal relationship between BMW NA's alleged conduct or omission and the damages alleged by Plaintiffs in the Complaint, and BMW NA committed no acts or

omissions that proximately caused Plaintiffs' alleged damages.

19. The alleged acts or omissions, if any, of BMW NA were not a substantial factor in bringing about the alleged injuries and, therefore, were not a contributing cause thereof but were superseded by the acts or omissions of others, which were the sole or independent, intervening, and proximate causes of any such injuries or damages allegedly sustained.

20. Plaintiffs' alleged injuries and damages, if any, may have been caused or contributed to by the negligence, carelessness, inattention, or otherwise wrongful or unsafe acts of plaintiffs, plaintiffs' decedent, or other persons, including firms, corporations, or body politics over whom BMW NA has no control or right of control.

21. Plaintiffs' damages, if any, must be reduced by the comparative fault of other persons at fault, including responsible non-parties, pursuant to A.R.S. § 12-2501 et seq.

22. The acts or omissions of plaintiffs' decedent, his agents, or others over whom BMW NA has no control or right of control were the sole or independent, intervening, and proximate causes of any injuries or damages allegedly sustained by plaintiffs.

23. Plaintiffs' Decedent or his agents assumed the risk of the injuries and damages alleged as a result of the events set forth in plaintiffs' Complaint, and that such assumption of the risk bars or limits plaintiffs' recovery.

24. Some or all of plaintiffs' claims may be barred as a matter of law due to statutory compliance. *See* Restatement (Third) of Torts: Product Liability §§ 2 cmt. f. and 4 cmt. e.

25. Plaintiffs' claims for damages may be barred in whole or in part, whether under the doctrines of comparative fault and/or failure to mitigate their alleged damages, if any.

26. There is no concert of action between BMW NA and any other party, individuals, or later-named defendants. BMW NA is not a joint tortfeasor and, accordingly, BMW NA may not be held jointly and severally liable with other parties, individuals, or later-named defendants.

27. To the extent that plaintiffs have received payment from any alleged joint tortfeasor in full satisfaction of any of their alleged injuries and/or claims against BMW NA and/or any other alleged joint tortfeasor, plaintiffs' Complaint is barred or limited by the

defenses of payment and accord and satisfaction.

28. Any damages assessed for past and future medical or mental health expenses must be limited to the reasonable expenses incurred by plaintiffs.

29. While specifically denying liability for the injuries alleged in plaintiffs' Complaint, to the extent any of plaintiffs' alleged damages have been recovered by way of insurance proceeds or prior settlement of any claims including, but not limited to, claims against any Takata Airbag restitution fund relating to the transaction or occurrence described in Plaintiffs' Complaint, BMW NA is entitled to a set-off of any such amount against any potential award entered against it in this matter.

30. BMW NA invokes its legal right to a reduction of any verdict which may be rendered in this case by an amount equal to the sum of the dollar amounts of all settlements received by plaintiffs or by someone on plaintiffs' behalf and/or the percentage of fault allocated to any other parties or non-parties.

31. BMW NA incorporates by reference herein, as if fully set forth, all defenses, both affirmative and otherwise raised, pleaded, or asserted by any other answering defendant.

32. BMW NA preserves, and does not knowingly or intentionally waive, any of the other affirmative defenses set forth in Federal Rules of Civil Procedure 8(c) or 12(b), which discovery may reveal to apply, or any other matter constituting an avoidance or affirmative defense.

33. BMW NA affirmatively alleges that, after appropriate discovery, the following affirmative defenses may be applicable: lack of subject matter jurisdiction, statute of limitations bar, abatement, laches, estoppel, waiver, release, payment, *res judicata*, violation of a statute, violation of a public policy, and failure to comply with a statutory requirement. The extent to which plaintiffs' claims may be barred by one or more of the foregoing affirmative defenses cannot be determined until BMW NA has had an opportunity to complete discovery.

34. BMW NA asserts all defenses, both affirmative and otherwise, raised, pleaded, or asserted by any other defendant to the extent not objected to by BMW NA or otherwise

prejudicial to BMW NA.

WHEREFORE, BMW of North America, LLC denies that Plaintiffs are entitled to a judgment against it and requests as follows:

1. That plaintiffs take nothing by virtue of this action and that the same be dismissed with prejudice,

2. That BMW NA recover its costs, disbursements, and attorneys' fees incurred in this matter, and

3. That BMW NA receive all other relief that this Court deems to be just and reasonable.

## **JURY DEMAND**

BMW NA demands a trial by jury on all issues permitted to be so tried.

DATED this 6th day of September, 2022.

**BOWMAN AND BROOKE LLP**

By: */s/Curtis J. Busby*
Curtis J. Busby
2901 North Central Avenue, Suite 1600
Phoenix, Arizona 85012-2736

Attorneys for Defendant BMW of North America, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2022, I electronically transmitted the foregoing **DEFENDANT BMW OF NORTH AMERICA, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT (JURY DEMAND)** to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CMF/ECF registrants as follows:

Richard M. Gulbrandsen, Jr., Esq.
Richard M. Gulbrandsen, Esq.
**SKOUSEN, GULBRANDSEN & PATIENCE, PLC**
414 East Southern Avenue
Mesa, AZ 85204-4922
Telephone 480-833-8800
Facsimile 480-833-7146
attorney@sgplaw.com

Donald H. Slavik, Esq.
*(Pro Hae Vice* Pending)
Nicole L. Judge, Esq.
*(Pro Hae Vice* Pending)
**SLAVIK LAW FIRM, LLC**
3001 S. Lincoln Ave., Suite C-1
Steamboat Springs, CO 80487
Telephone 414-899-1197
Facsimile 267-878-7697
dslavik@slavik.us
njudge@slavik.us

Attorneys for Plaintiffs

                                        */s/ Jeannette Felix*