**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Griego, et al., | No. CV-22-01281-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| BMW of North America LLC, | |
| Defendant. | |

Plaintiff Robert Romero ("Plaintiff") has filed a Motion for Reconsideration of the Court's decision to allow Defendant BMW of North America LLC ("Defendant") to list Takata on the verdict form and argue that they are a non-party at fault. (Doc. 114). The Court allowed Defendant to file a Response to Plaintiff's Motion, to which they have done. (Doc. 119). After consideration of the parties' briefing, the Court declines to change its decision and will deny Plaintiff's Motion.

**I.     Background**

Decedent Roberto Griego-Romero ("Decedent") was killed when his mother's 2004 BMW 325i ("the BMW") collided with another vehicle causing the BMW's airbag, manufactured by the Takata Corporation ("Takata"), to deploy and shoot metal shrapnel into Decedent's abdominal area. (Doc. 1 at ¶ 1). Plaintiff brought a claim of strict products liability against Defendant on Decedent's behalf. (*Id*. at ¶¶ 8–13). Though Takata designed and manufactured the driver's front airbag components at issue, it is not a party to this action. (*See* Doc. 12 at ¶ 9).

The Court set a final pre-trial conference in this case and ordered the parties to file all motions in limine by April 22, 2024, and any responses by April 29, 2024. (Doc. 68 at 2; Doc. 82). This Order also directed the parties to submit their proposed verdict forms. (Doc. 68 at 4). The parties collectively filed thirteen motions in limine: seven by Defendant and six by Plaintiff. (Doc. 113 at 1). Defendant also filed a "Motion for Leave to List Takata on the Verdict Form and Identify Takata as a Nonparty at Fault" on April 22, 2024, the same day it filed its motions in limine. (Doc. 92). Plaintiff filed a Response on May 6, 2024 (Doc. 112).

In its Answer (Doc. 12), Defendant asserted as an affirmative defense that "the damages allegedly sustained by Plaintiffs were caused or contributed to by the acts, omissions, or fault of Takata, a non-party that BMW NA did not and does not control and a non-party that has already admitted as part of its guilty plea to federal crimes." (*Id*. at ¶ 9). As shown above, Defendant asserted fault on part of "Takata" generally. (*Id.*) In its Motion for Leave, however, Defendant sought to identify the Takata Corporation, the Takata Corporation's subsidiaries, and TK Holdings, Inc., as nonparties at fault. (Doc. 92 at 1).

The Court issued its Order on these Motions on May 7, 2024 ("the May Order"), two days before the Final Pretrial Conference. (Doc. 113). In the May Order, the Court ruled on several of Plaintiff's in limine motions that sought to exclude, among other things, evidence related to previous settlements with non-parties (Doc. 80); any mention of Takata not included in Defendant's disclosures (Doc. 85); and mention of any non-parties allegedly at fault (Doc. 87). (Doc. 113 at 15). Though not a motion in limine, due to its clear association with these motions in limine, the May Order also addressed and granted Defendant's "Motion for Leave to List Takata on the Verdict Form and Identify Takata as a Nonparty at Fault" (Doc. 92). (*Id.*)

In its relevant Motions in Limine, Plaintiff argued that any previous settlements with any individual or entity not currently a party to this action, i.e. Takata, should be excluded (Doc. 80); and that any mention of Takata's fault should not be mentioned as Defendant

failed to timely "notice" them as a non-party at fault under A.R.S. §12-2506(B) and Arizona Rule of Civil Procedure 26(b)(5). (Doc. 85). In its Motion for Leave, Defendant argued that it should be allowed to list Takata on the verdict form and that they are a non-party at fault since Plaintiff entered into a settlement with the Takata Airbag Tort Compensation Trust Fund ("TATCTF") and because Plaintiff had notice that Defendant would argue Takata was at fault since they raised this as an affirmative defense in their Answer (Doc. 12). (Doc. 92 at 3, 6). Defendant made similar arguments in its Responses to Plaintiff's Motions in Limine. (Docs. 107–108). In his Response to Defendant's Motion for Leave, Plaintiff again argued that Defendant did not timely notice Takata as a non-party at fault. (Doc. 112 at 4). He also argued that Defendant waived its right to name Takata as a non-party at fault through its litigation conduct, since it waited until the eve of the FPTC to seek leave to name Takata as a non-party at fault. (*Id*. at 5).

After consideration of the briefing, the Court found that, since Plaintiff received settlement payments from the TATCTF, Takata's negligence or fault may be considered under Section 12-2506. (Doc. 113 at 18); *see also* A.R.S. §12-2506(B) (stating that negligence or fault of a non-party "may be considered if the plaintiff entered into a settlement agreement with the nonparty."). One day later, Plaintiff filed his Motion for Reconsideration. (Doc. 114).

## II. Legal Standard

Motions for reconsideration should be granted only in rare circumstances. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Indeed, Arizona Local Rule of Civil Procedure 7.2 ("LRCiv 7.2") provides that "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

The movant must specify "[a]ny new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier." *Id*.  This is because "[m]otions for [r]econsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009).

A motion for reconsideration should not be used for the purpose of asking a court "to rethink what the court had already thought through—rightly or wrongly." *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  A mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp*., 689 F. Supp. 1572, 1573 (D. Haw. 1988).

**III.   Discussion**

Plaintiff argues that the Court committed clear error by: (1) prematurely ruling on Defendant's Motion for Leave; and (2) conflating Takata with the TATCTF for purposes of notice to Plaintiff.  (Doc. 114 at 1, 3).  The Court will address each of these arguments in turn.

    **A.   The Court Did Not Err In Prematurely Ruling on Defendant's Motion for Leave**

Plaintiff objects to the timing of the Court's ruling on Defendant's "Motion for Leave to List Takata on the Verdict Form and Identify Takata as a Nonparty at Fault" (hereafter, "Motion for Leave"), a ruling that was made a day after Plaintiff filed its Response to the Motion for Leave.  (Doc. 113).  Plaintiff says the Court's ruling was premature because "Defendant's Motion (Doc. 92) was not a Motion in Limine, and the abbreviated briefing schedule . . . should not have attached." (Doc. 114 at 1).  Plaintiff also says that the parties asked for oral argument and anticipated Defendant would reply on May 13, 2024.  (*Id.*)  The Court summarily rejects this as a basis to revisit its decision.

Assuming that Plaintiff's argument falls under the second factor for reconsideration,

that the Court's ruling was manifestly unjust because it was premature, the Court disagrees. The ruling was not premature. Plaintiff had an opportunity to respond, and indeed, did so. *See Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (stating that procedural due process requires notice and an opportunity to be heard, which the "opportunity to brief the issue fully satisfies."). The Court granted Defendant's requested relief upon full briefing and therefore it was not premature to rule on the Motion for Leave before Defendant's reply deadline had expired. Furthermore, Plaintiff's expectation that an oral argument would be set on the motion is insufficient to show it did not have an opportunity to be heard on the issues. *See* LRCiv 7.2(f) ("The Court may decide motions without oral argument."). The issues had been fully briefed and oral argument would not have aided the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir.1998).

Importantly, the Court notes the arguments advanced in Plaintiff's Response to the Motion for Leave are substantially the same arguments it made in its Motions in Limine. (*Compare* Docs. 80 & 85 *with* Doc. 112). Thus, though Plaintiff's Response to the Motion for Leave was not explicitly cited in the Court's May Order, the arguments made therein were addressed. Plaintiff plainly had an opportunity to be heard on the issue. *See Pac. Harbor Cap., Inc.*, 210 F.3d at 1118. Under these circumstances, the Court's Order was not manifestly unjust or in clear error.

### B. The Court Did Not Commit Clear Error in Finding that Takata Can be Listed as a Non-Party at Fault

Next, Plaintiff argues it was erroneous for the Court to find that Takata could be listed as a non-party at fault under A.R.S. §12-2506(B) because the TATCTF and Takata are separate legal entities. (Doc. 114 at 3–4). Importantly, Plaintiff did not argue, as it does now, that Takata and the TATCTF are separate legal entities and that—therefore—any "settlement" with the TATCTF does not qualify as a settlement agreement with the non-party under Section 12-2506. Defendant in turn argues that Takata should remain a non-party at fault because (1) Plaintiff resolved his claims against Takata through the

TATCTF; (2) Plaintiff had ample notice of Takata's fault; and (3) if Defendant was required to provide notice under Arizona Rule of Civil Procedure 26(b)(5), it should still be allowed to list Takata as a non-party at fault under this rule. (Doc. 119 at 5-7). It also argues that Plaintiff has not shown a manifest error.[1] (*Id.*)

The Court first notes that Plaintiff did not argue that Takata and the TATCTF are different entities which means his settlement with the TATCTF is not necessarily a settlement under Section 12-2506. A motion for reconsideration may not be used to raise an argument for the first time when it could reasonably have been raised earlier. *See Kona Enterprises*, 229 F.3d at 890. Therefore, because Plaintiff could have, but did not make this argument, the Court will not reverse its prior ruling.

The Court also notes that, though not error, the Court could have been more specific in stating that "Takata" refers to the Takata Corporation and its subsidiaries/ successors-in-interest (Doc. 113 at 18); without whom the TATCTF could not exist since these entities partially funded the TATCTF. (Doc. 119 at 3). As Defendant notes, under Arizona's comparative fault scheme, defendants in tort are only responsible for their percentage of fault and "plaintiffs, not defendants, bear the risk of insolvent joint tortfeasors." *State Farm Ins. Companies v. Premier Manufactured Sys., Inc*., 172 P.3d 410, 413 (2007). The Court also clarifies that Defendant must meet the preliminary requirements at trial to list any non-party at fault on the verdict form—as it pled in its Motion in Opposition to Plaintiff's Fourth Motion in Limine. (Doc. 117 at 1–2 ("[Defendant] reserves the right to raise the issue of set-off in case of a plaintiffs' verdict.")).

Moreover, even if the Court were to reconsider its prior ruling, regardless of whether Plaintiff's "settlement" with the TATCTF can be construed as a settlement with Takata, the Court finds that Plaintiff had ample notice of Takata's alleged fault. Arizona courts have stated that "the purpose of Rule 26(b)(5) is 'to identify for the plaintiff any unknown persons or entities who may have caused the injury in time to allow the plaintiff to bring

---

[1] Plaintiff argues the Court committed clear error or that its May Order was manifestly unjust because Takata and the TATCTF are separate legal entites—therefore—Plaintiff did not settle with Takata, as the Court found. *See Sch. Dist. No. 1J, Multnomah Cnty., Or.*, 5 F.3d at 1263.

them into the action before the statute of limitations expires.'" *Scottsdale Ins. Co. v. Cendejas*, 220 Ariz. 281, 205 P.3d 1128, 1133 (Ariz. Ct. App. 2009) (citing *LyphoMed, Inc. v. Superior Court*, 172 Ariz. 423, 837 P.2d 1158, 1163 (Ariz. Ct. App. 1992)). As Defendant notes, notice is the "crux" of A.R.S. § 12-2506(B) and Rule 26(b)(5). (Doc. 119 at 6). As discussed by the Court in its May Order, Defendant identified Takata's liability as an affirmative defense in its Answer. (Doc. 12). This is not a case where Defendant has "sandbag[ged] [the] plaintiff[] by deliberately holding back information about non-parties at fault until the limitations statute runs." *Wester v. Crown Controls Corp.*, 974 F. Supp. 1284, 1288 (D. Ariz. 1996).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 114) is **DENIED**.

Dated this 12th day of June, 2024.

Honorable Diane J. Humetewa
United States District Judge